JESSE J. LEVER

*v.*

MARY ESTHER LEVER.

[Submitted April 8th, 1915.   Determined April 10th, 1915.]

1. Evidence in a divorce suit for adultery *Held* to establish the guilt of the defendant.

2. The burden of proof to establish condonation is with the defendant.

———

*Mr. Henry W. Lewis,* for the petitioner.

*Messrs. Babcock & Champion,* for the defendant.

LEAMING, V. C.

It is impossible to doubt the guilt of defendant. It is almost inconceivable that defendant's daughter and her son-in-law and also her old friend have deliberately testified falsely about her; their natural impulses would have been to shield her. No person has witnessed an act of adultery between defendant and corespondent—such conduct is seldom witnessed—but the evidence fully establishes both inclination and opportunity. Defendant and corespondent are undoubtedly bound together by the closest ties of affection and have repeatedly sought and procured secret meetings in secluded places and under circumstances which exclude any possible inference of innocence in either purpose or conduct. The testimony of the physician touching physical incapacity on the part of corespondent rests largely upon the statements of corespondent to the physician. His conduct has been radically inconsistent with his claim.

The burden of proof to establish condonation is with defendant, and I am unable to conclude that she has sustained that burden. *Greims* v. *Greims, 80 N. J. Eq. 233.* A husband is necessarily slow to reach a conviction of infidelity on the

part of his wife; he should and does fight that conviction to the last trench; he may well doubt her guilt when all others possessed of like information have ceased to doubt. It does not appear that the information imparted to him by his daughter about Christmas, 1914, was as full and convincing in detail as that disclosed at the trial; the information imparted by the son-in-law at about that time was only partial; the information imparted by Green did not include the important and damaging truck house incident. I am convinced that it was Green's aim and sincere purpose to shield and save defendant; no one could hear his testimony and escape that conviction. Nor is it at all certain that sexual intercourse occurred thereafter; petitioner testifies that it did not.

I am compelled to advise a decree of divorce.